## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| DAVID NELSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     **CIVIL ACTION NO.  2:19cv112** |
| | ) |
| MARK BOLSTER, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

On March 11, 2019 the Court received a petition for writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241 ("the Petition"). ECF No. 1. The Petition alleges that Petitioner David Nelson ("Petitioner") was denied due process rights during disciplinary proceedings while housed at Federal Correctional Complex Petersburg, and denied due process as a result of Respondent's failure to provide him with a written copy of his DHO report. *Id.* Petitioner remitted the Five Dollar ($5.00) filing fee on March 21, 2019.

Respondent Mark Bolster ("Respondent") filed a Motion to Dismiss for Failure to State a Claim, ECF No. 6, and accompanying Memorandum in Support, ECF No. 7, on June 27, 2019, alleging in part that Petitioner did not exhaust his BOP administrative remedies before bringing this habeas action. *See* ECF No. 7 at 2. On August 15, 2019, Petitioner filed a Motion for Extension of Time to File a Response to Respondent's Motion to Dismiss.  ECF No. 9.  The Court granted Petitioner's Motion, and Petitioner was ordered to respond to Respondent's Motion to Dismiss for Failure to State a Claim no later than August 28, 2019.  ECF No. 11.

1

On August 30, 2019, Petitioner filed a Motion to Hold in Abeyance and/or Motion to Voluntarily Dismiss ("Motion to Stay or Dismiss"), on the grounds Petitioner received the DHO packet after filing the instant Petition, appealed to the Central Office, and is awaiting a ruling. ECF No. 12.  Petitioner requests that the Court hold his Petition in abeyance until a ruling has been rendered by the Central Office, or in the alternative, to voluntarily dismiss the instant Petition without prejudice. *Id.*

Respondent filed a Response to Petitioner's Motion to Stay or Dismiss on September 5, 2019, and an Amended Response on September 9, 2019.  ECF Nos. 13-14.  The Amended Response to Petitioner's Motion to Stay or Dismiss indicates that Respondent opposes holding the Petition in abeyance pending Petitioner's appeal to the Central Office, but does not oppose voluntary dismissal of the Petition.  ECF No. 14.[1]

Pursuant to Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  Here, because the Petitioner requests dismissal and the Respondent does not object, the Court finds that dismissal is proper.  Additionally, because Petitioner's appeal to the Central Office is still pending, dismissal without prejudice is the appropriate remedy to allow Petitioner to complete his administrative remedies.

In light of Petitioner's unopposed request for dismissal, the undersigned **RECOMMENDS** that the Petitioner's Motion to Stay or Dismiss, ECF No. 12, be **DENIED** with respect to his request to hold the Petition in abeyance, but **GRANTED** with his respect to his request to voluntarily

---

[1] Respondent also indicates in the Amended Response that he "unknowingly misrepresented that [Petitioner] had never appealed the administrative claim." ECF No. 14. According to Respondent, Petitioner's administrative appeal did not appear in the SENTRY system until after Respondent already filed his Motion to Dismiss. *Id.*

dismiss, and **RECOMMENDS** that this matter be **DISMISSED WITHOUT PREJUDICE**.

### REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party. *See* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1954).

The Clerk is DIRECTED to forward a copy of this Report and Recommendation to Petitioner.

/s/
Lawrence R. Leonard
United States Magistrate Judge
LAWRENCE R. LEONARD
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
October 29, 2019

3